BB:JC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

– against –

YASSER DBOUK,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

15 M 634

C O M P L A I N T
(T. 31, U.S.C. § 5332)

EASTERN DISTRICT OF NEW YORK, SS:

      SEAN GABAY, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      Upon information and belief, on or about July 11, 2015, within the Eastern District of New York, the defendant YASSER DBOUK did knowingly and with the intent to evade the currency reporting requirements under Title 31, United States Code, Sections 5316(a)(1)(A) and 5316(b), conceal more than $10,000 in currency and other monetary instruments, to wit, approximately $144,111 in United States currency, on his person and in articles of luggage and other containers, and transport and transfer and attempt to transport and transfer such currency and monetary instruments from a place within the United States to a place outside of the United States.

      (Title 31, United States Code, Section 5332)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.   Your deponent has been with HSI for approximately 9 years, and in law enforcement for 15 years. I am familiar with the facts contained in this affidavit as a result of my participation in the investigation of the bulk cash smuggling discussed in this affidavit, which includes, but is not limited to, my review of the file and conversations with other law enforcement personnel assisting with the investigation.

2.   On or about July 11, 2015, the defendant YASSER DBOUK, a citizen of Lebanon, attempted to board Air France Airlines flight 17 to Paris, France, departing from John F. Kennedy International Airport in Queens, New York. In the vicinity of the Air France Lounge, the defendant was selected for an enforcement examination at approximately 5:25 p.m. Officers from Customs and Border Protection ("CBP") informed the defendant of the currency reporting regulations, and presented a customs form for him to read.

3.   After the defendant YASSER DBOUK finished reading the customs form and confirmed that he understood it, CBP officers asked him to declare all of the currency that he was transporting for himself and for any other person. CBP officers also informed the defendant that he was required to declare all currency that the defendant was carrying in checked luggage and carry-on luggage, whether in the form of cash, checks, money orders or other negotiable instruments.

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all the facts and circumstances of which I am aware.

4. The defendant YASSER DBOUK then stated that he was transporting $210 in United States currency, which he also specified in writing on the CP-909 Form. The defendant was asked to produce the $210 for verification. The defendant YASSER DBOUK produced $211 from his person.

5. At the time, a CBP Officer was conducting an inspection of one of the defendant YASSER DBOUK's carry-on bags and discovered additional currency. That currency totaled $20,000. The CBP Officers then asked the defendant if he was transporting any other currency or other monetary instruments. The defendant stated that he had $30,000.

6. Further examination of the defendant YASSER DBOUK's carry-on luggage revealed approximately $40,000 in United States currency, and an additional $83,900 was discovered in the defendant's checked luggage. A total of approximately $144,111 in United States currency was found on the defendant's person and within the defendant's carry-on luggage and checked baggage. CBP contacted HSI.

7. HSI agents responded and advised the defendant YASSER DBOUK of his *Miranda* rights. The defendant stated that he understood his *Miranda* rights and signed a waiver form indicating his intention to waive these rights. The defendant then stated, in sum and substance, that the cash was part of a loan he had obtained in connection with a Lebanese company he manages. He stated that did not declare the money because he is "stupid" and did not want to pay taxes on the cash.

WHEREFORE, your deponent respectfully requests that YASSER DBOUK be dealt with according to law.

_____
SEAN GABAY
SPECIAL AGENT
HOMELAND SECURITY
INVESTIGATIONS

Sworn to before me this
13th day of July, 2015

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK